**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CHRISTY JO GILLESPIE,

    Plaintiff,

v.                                              Case No: 8:23-cv-296-CEH-AAS

AUTO-OWNERS INSURANCE
COMPANY,

    Defendant.
_____

**<u>ORDER</u>**

This cause comes before the Court on Plaintiff Christy Jo Gillespie's Motion to Remand (Doc. 9), which Defendant Auto-Owners Insurance Company opposes (Doc. 11). Defendant removed this matter from state court, asserting that subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000. Plaintiff now moves to remand the matter, arguing that Defendant has not established the amount in controversy. Having reviewed the parties' submissions and being fully advised in the premises, the Court will grant the motion to remand because Defendant has not met its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.

**I.  BACKGROUND**

Plaintiff filed suit in the Sixth Judicial Circuit in and for Pinellas County, Florida on December 21, 2022. *See* Doc. 1-1. She sought underinsured motorist benefits from Defendant, whom she alleges is her insurance provider, arising from

injuries sustained in a car accident that occurred on May 5, 2019. Doc. 1-1; *but see* Doc. 10 (moving to dismiss because Defendant is not identified on the policy). The complaint did not allege a specific amount of damages, stating only that the damages exceed $30,000. Doc. 1-1 ¶ 1. Defendant timely removed the action on February 10, 2023. Doc. 1.

In its Notice of Removal, Defendant asserted that removal was proper because this Court has diversity jurisdiction over the action, which is between citizens of different states and involves an amount in controversy exceeding $75,000. *Id.* at 4-10. With respect to the amount in controversy, Defendant primarily relied on two pieces of evidence. First, Defendant described a demand letter Plaintiff sent on October 11, 2022, in which she "demanded the full $100,000 policy limits from Defendant and provided arguments and documents to support her position that the value of the claim exceeded the amount of the insurance policy," including past medical bills totaling $34,668.00. Doc. 1 at 6. Defendant provided the medical bills to the Court but not the demand letter or any other supporting documents. *See* Doc. 1-9. Second, Defendant attached to its Notice of Removal a Civil Remedy Notice ("CRN") that Plaintiff filed on December 6, 2022. Doc. 1-10. In the CRN, Plaintiff asserted that she "has suffered serious and permanent physical and emotional injuries worth in excess of the $100,000 limits of [underinsured motorist] benefits she purchased." *Id.* at 3. Plaintiff further alleged that she "continues to suffer" "[d]espite undergoing conservative care and medication." *Id.* Defendant pointed out that the past medical bills do not include damages for pain and suffering or loss of ability to work, which Plaintiff sought in the

2

Complaint, nor for the continued medical care Plaintiff alleged she would need. Doc. 1 at 8-9.  In all, Defendant contended that the evidence, coupled with the Court's judicial experience and common sense, demonstrates that the amount in controversy will more likely than not exceed the jurisdictional threshold. *Id.* at 9-10.

Plaintiff has moved for remand. Doc. 9.  She does not challenge diversity of citizenship, arguing only that Defendant did not meet its burden of establishing the amount in controversy. *Id.*  She first argues that the demand letter and CRN cannot be considered because they do not constitute "other papers" through which Defendant can meet its burden of proof under 28 U.S.C. § 1446(b)(3). *Id.* at 4-5.  Even if they could be considered, she contends they are inadequate to establish the value of Plaintiff's claims because settlement offers often reflect posturing. *Id.* at 6.[1]

Responding in opposition, Defendant argues that Plaintiff misapplies the caselaw regarding "other papers," and it is well-settled that even pre-suit demand letters or CRNs are permissible forms of evidence with which to establish the amount in controversy. Doc. 11 at 5-6.  Defendant next asserts that the demand letter and CRN's claim that the damages exceed the $100,000 policy limit went beyond posturing: the medical bills have already amounted to more than $34,000, and the complaint specifically pleads additional damages categories for pain and suffering, loss of earnings, loss of ability to earn income, and future medical expenses. *Id.* at 9-10.  Because Plaintiff alleges her injury is permanent, the Court may reasonably conclude

---

[1] Plaintiff also asserts that neither the policy limit nor a bad faith claim establishes the amount in controversy. *Id.* at 7-8.  However, Defendant does not argue that they do. *See* Doc. 11.

that all these categories combined will exceed $75,000. *Id.* at 10-11.  Defendant did not provide additional evidence or documents.

## II.   LEGAL STANDARD

A defendant may remove a civil action from state court to the district court of the United States for the district and division within which the action pends, as long as the district court has jurisdiction. 28 U.S.C. § 1441(a).  District courts have original jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Removal statutes are construed narrowly against removal. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).   "The burden of establishing subject matter jurisdiction falls on the party invoking removal." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411–12 (11th Cir. 1999).

When a plaintiff's state-court complaint offers an unspecified demand for damages, a removing defendant must prove, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional requirement. *Roe v. Michelin N. Am., Inc.* 613 F.3d 1058, 1061 (11th Cir. 2010).

## III.   DISCUSSION

To establish the amount in controversy, Defendant primarily relies on a demand letter and CRN that Plaintiff submitted before filing suit, in which she asserted that her damages exceeded $100,000.  First, Defendant is correct that the Court may consider this type of evidence.  A defendant seeking to remove an action to federal court "is not limited in the types of evidence it can use to establish the amount in controversy."

4

*Sanchez v. LM General Ins. Co.*, 8:20-cv-3040-JSM-SPF, 2021 WL 2389431, *2 (M.D. Fla. June 10, 2021) (Moody, J.), citing *Pretka v. Kolter City Plaza III, Inc.*, 608 F.3d 744, 754-755 (11th Cir. 2010).  In contrast, there are restrictions on what types of materials constitute "other paper" for the purpose of 28 U.S.C. § 1446(b)(3), which states that a case that is not removable based on the initial pleading must be removed within 30 days after receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *See Lowery v. Ala. Power Co.*, 483 F.3d 1184 (11th Cir. 2007).  But the *Pretka* court differentiated between the limited types of material contemplated in the subsection of § 1446 regarding timeliness, and the broad scope of evidence a defendant may submit in order to demonstrate that removal is jurisdictionally proper. *Pretka*, 608 F.3d at 757-768; *see* 28 U.S.C. § 1446(c)(2)(B).  Therefore, Plaintiff's reliance on cases discussing the limits of "other paper" for timeliness purposes is unavailing. Doc. 9 at 4-5, citing, *e.g.*, *Mead, D.V.M. v. IDS Property Cas. Ins. Co.*, 8:13-cv-2206-SCB-AEP, 2013 WL 12157838, *4 (M.D. Fla. Nov. 26, 2013) (Bucklew, J.); *Benstock v. Arrowood Indemnity Co.*, 8:11-cv-2493-SDM-TGW, 2011 WL 6314236, (M.D. Fla. Dec. 16, 2011) (Merryday, J.).

However, while it may be considered, a demand letter "does not automatically establish the amount in controversy." *Zabic v. Verizon Wireless Svcs., LLC*, 8:15-cv-2565-VHC-AEP, 2015 WL 9267693 (M.D. Fla. Dec. 19, 2015) (Covington, J).  Courts must evaluate "whether the demand letter reflects puffing and posturing or whether it

provides specific information to support the plaintiff's claim for damages and thus offers a reasonable assessment of the value of the claim." *Bien-Amie v. Brookdale Senior Living Inc.*, 8:21-cv-2446-VMC-AEP, 2021 WL 5028238, *2 (M.D. Fla. Oct. 29, 2021) (quotations omitted).

For a demand to be considered more than mere posturing or puffing, then, it must be supported by additional details from which a court can conclude it reflects an accurate valuation of the plaintiff's claim. For example, in *Mick v. De Vilbiss Air Power Co.*, 6:10-cv-1390-JA-GJK, 2010 WL 5140849 (M.D. Fla. Dec. 14, 2010), on which Defendant relies, the court found that a demand of $175,000 satisfied the amount in controversy where it described past and future wage losses of $500.00 per week, future earning potential in a different field, a description of the plaintiff's continued symptoms a year after the accident, and an assertion that he faced future surgery. The court concluded that the demand letter "contain[ed] sufficient facts to evaluate" the demanded amount. *Id.* at *2; *see also*, *e.g.*, *Roman v. Wal-Mart Stores East, LP*, 6:20-cv-2197-JA-GJK, 2021 WL 252423, *2 (M.D. Fla. Jan. 26, 2021) (demand letter was sufficient where it "explain[ed] in detail the pain and injuries that Roman suffered and continues to suffer" as well as "surgeries recommended to be performed in the future," provided "a detailed calculation of non-economic damages for pain and suffering," and concluded that, "at the low end," the damages amounted to more than 1.5 million dollars.); *Harris v. Cellco Partnership*, 5:15-cv-529-JSM-PRL, 2016 WL 231191, *4 (M.D. Fla. Jan. 15, 2016) (Moody, J.) (settlement offer of $150,000 was not "plucked from thin air" when it asserted $53,308.83 in damages for back pay and front pay,

6

described continuing injuries that would support an award of pain and suffering, and cited jury verdicts in comparable cases); *Chiu v. Terminix Co. Int'l., L.P.*, 8:16-cv-306-SCB-JSS, 2016 WL 1445089, *2 (M.D. Fla. April 13, 2016) (Bucklew, J.) (same, where demand letter explained that past medical bills totaled almost $60,000, and contained a detailed description of future medical treatment that would exceed $800,000).

In contrast, an initial demand letter in *Lamb v. State Farm Fire Mut. Auto. Ins. Co.*, 3:10-CV-615-TJC-JRK, 2010 WL 6790539, *2 (M.D. Fla. Nov. 5, 2010), did not establish the amount in controversy where the plaintiff merely asked the defendant to pay the limit of her insurance policy, but "fail[ed] to explain how [she] arrived at her damages calculation, and the documents included…d[id] not indicate the exact nature of her medical needs or detail specific medical expenses that would support [her] claim." This demand "reflect[ed] mere posturing rather than a reasonable assessment of the value of her claim." *Id.* But a subsequent demand letter "contain[ed] additional documentation of her injuries and expenses," and therefore satisfied the jurisdictional threshold. *Id.* at *3; *see also Bennett v. State Farm Mut. Auto. Ins. Co.*, 5:18-cv-344-JSM-PRL, 2018 WL 6706320, *3 (M.D. Fla. Aug. 15, 2018) (Moody, J.) (demand letter requesting policy limit of $100,000 was "of little import" when medical expenses totaled less than $30,000 and plaintiff provided no additional information to support her demand, even where she claimed to need surgery); *Zabic*, 2015 WL 9267693 at *4 (demand letter requesting two million dollars, along with counsel's admission that he intended to seek more than $75,000 of damages in any forum, was inadequate where

letter failed to describe the basis for the calculation or any concrete losses the plaintiff sustained).[2]

Here, the Court concludes that Defendant has not offered enough information to establish that Plaintiff's demand of the $100,000 policy limit represents an accurate valuation of her claim. The Court first observes that the medical bills apparently reflect the medical treatment Plaintiff received in the three and a half years after the injury occurred, a significant amount of time. The passage of this much time casts doubt on a claim that her future medical bills will be substantial, absent additional evidence. For example, additional evidence could indicate that she will likely require surgery (at an estimated cost), or that she will need regular medical treatment for the rest of her life (with an estimated cost, frequency, and life expectancy). But without any such evidence, the Court does not find it likely that future medical treatment will significantly add to the amount in controversy.

The evidence is similarly scant with respect to the other categories of damages Plaintiff alleges in the Complaint. Although the Court acknowledges that pain and suffering and lost wages *may* push the amount in controversy over the jurisdictional threshold, the record lacks sufficient evidence from which it can conclude this

---

[2] Defendant also relies on *Becker v. Progressive Am. Ins. Co.*, 6:17-cv-114-GAP-TBS, 2017 WL 735404 (Feb. 24, 2017), in which the court found that a $100,000 demand letter and past medical expenses of $44,000 were adequate to establish the amount in controversy. It is unclear whether the *Becker* court considered other supporting details that were not included in the opinion when it concluded that the demand letter was credible. However, to the extent this decision is inconsistent with the body of caselaw, described *supra*, holding that a demand letter must be sufficiently supported, this Court declines to follow it.

possibility is more likely than not—such as an explanation of the nature and extent of pain Plaintiff experienced or continues to suffer, her age or life expectancy, her past income and future projected earnings, etc. In other words, Defendant must offer some indication that the non-medical damages would likely exceed the medical bills, which comprise less than half of the jurisdictional threshold. But it has not done so. Without any such support, Plaintiff's demand of the $100,000 policy limit, or her statement that her damages exceed it, appears to be posturing rather than a reasoned evaluation of her claim.

Defendant has failed to meet its burden of establishing that it is more likely than not that the amount in controversy exceeds $75,000. Therefore, this action must be remanded. Accordingly, it is **ORDERED**:

1. Plaintiff Christy Jo Gillespie's Motion to Remand (Doc. 9) is **GRANTED**.
2. This action is **REMANDED** to the Sixth Judicial Circuit, in and for Pinellas County, Florida.
3. The Clerk is directed to send a certified copy of this order to the Clerk of Court for the Sixth Judicial Circuit, Pinellas County, Florida.
4. The Clerk is further directed to terminate all pending motions and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on April 3, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to: Counsel of Record; Unrepresented Parties